**FILED**

**January 25, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-691** (Roane County CC-44-2013-F-93)

**Marlow P.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Marlow P.[1] appeals the Circuit Court of Roane County's August 23, 2022, order that revoked his supervised release after petitioner waived his right to contest the allegations and admitted to violating the terms of his supervised release.[2] On appeal, he argues that the court abused its discretion by sentencing him to fifty years of incarceration upon the revocation of his supervised release, and he argues that this sentence violates the proportionality clause of the West Virginia Constitution. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

Petitioner was indicted by a grand jury of the felony offenses of sexual abuse by a parent, guardian, or custodian and first-degree sexual abuse stemming from contact with his six-year-old cousin. He ultimately pled guilty to first-degree sexual abuse.[3] Petitioner was sentenced to not less than five years and not more than twenty-five years imprisonment and a term of fifty years of supervised release pursuant to West Virginia Code § 62-12-26. Pursuant to the terms of his supervised release, petitioner was required to obtain sex offender treatment and to abstain from

---

[1] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[2] Petitioner appears by counsel Andrew Mendelson. Respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General R. Todd Goudy.

[3] Petitioner ultimately admitted to the allegations but initially blamed the victim, claiming that she "dressed sexy," was hitting on him by jumping into his lap, and also put the phone between her legs at the end of phone conversations in a suggestive manner.

1

drugs and alcohol, among other conditions. He did not appeal the sentence for his underlying conviction.

Petitioner's supervised release began on November 15, 2021, and on June 13, 2022, petitioner's supervising officer filed a motion to revoke his supervised release. The motion provided that petitioner had tested positive for marijuana and was involuntarily terminated from his mandated sex offender treatment program.[4] Petitioner waived his right to contest the allegations and admitted to the violations contained in the motion to revoke. Ultimately, the court revoked petitioner's supervised release and sentenced him to prison for fifty years in lieu of supervised release. On appeal, petitioner maintains that this sentence violates Article III, Section 5 of the West Virginia Constitution.

> When reviewing an order modifying or revoking a defendant's supervised release under West Virginia Code § 62-12-26(h), we apply a three-pronged standard of review. We review the circuit court's final order and decision to modify or revoke a defendant's supervised release under an abuse of discretion standard; we review challenges to findings of fact under a clearly erroneous standard; and we review questions of law and interpretations of statutes de novo.

Syl. Pt. 1, *State v. White*, --- W. Va. --- , --- S.E.2d --- , No. 22-0197 (W. Va. Nov. 7, 2023).

Although this appeal stems from an order revoking petitioner's supervised release, his argument focuses on the sentence that the court imposed upon the revocation. We review "sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). Further, "[s]entences imposed by the trial court, if within statutory limits and if not based on some impermissible factor, are not subject to appellate review." Syl. Pt. 3, *State v. Tyler*, 211 W. Va. 246, 565 S.E.2d 368 (2002) (quoting Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982)).

West Virginia Code § 62-12-26 gives the circuit court discretion to impose the sentence that it imposed in this matter.[5] Specifically, West Virginia Code § 62-12-26(h)(3) authorizes the court to

---

[4] Correspondence from petitioner's treatment program noted that petitioner was discharged from the program due to his "level of sexual deviancy coupled with a disregard for his rules." This letter also detailed petitioner's "extensive history of sexual offending [ten victims and multiple family pets], though he only has [one] conviction."

[5] Despite the fact that petitioner did not contest the allegations and confirmed that his sentence was within the discretion of the court, he argues that the sentence was not proportionate to his minor supervised release infractions. While petitioner characterizes his violations as minor violations, they are violations nonetheless, a fact that he does not contest. He asks this Court to direct the lower courts to limit a term of incarceration upon a first revocation of a criminal defendant's supervised release to no more than one year. Petitioner's requested relief, however, is

[r]evoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release without credit for time previously served on supervised release if the court, pursuant to the West Virginia Rules of Criminal Procedure applicable to revocation of probation, finds by clear and convincing evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this subdivision may not be required to serve more than the period of supervised release[.]

We have held that the "post-revocation sanction [provided for in West Virginia Code § 62-12-26(h)(3)] simply is a continuation of the legal consequences of a defendant's original crime. In other words, it is part of a single sentencing scheme arising from the defendant's original conviction." *State v. Hargus*, 232 W. Va. 735, 743, 753 S.E.2d 893, 901 (2013). With the post-revocation sentence, petitioner asks this Court to focus only on his supervised release infractions, which he characterizes as minor, and ignore the fact that his post-revocation incarceration was part of the initial sentence, not a punishment for violating the terms of supervised release. Based upon our existing jurisprudence, however, we do not view his post-revocation sanction in isolation. Instead, we find that petitioner's post-revocation sentence is a continuation of the legal consequences of his first-degree sexual abuse conviction.

"Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syl. Pt. 8, *State v. Vance*, 164 W. Va. 216, 262 S.E.2d 423 (1980). We ordinarily limit proportionality reviews to sentences "where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, in part, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). Further, we have established that

[t]here are two tests to determine whether a sentence is so disproportionate to a crime that it violates the West Virginia Constitution. The subjective test is found in syllabus point 5 of *State v. Cooper*, 172 W. Va. 266, 304 S.E.2d 851 (1983), which provides:

Punishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense.

When it cannot be found that a sentence shocks the conscience, a disproportionality challenge is guided by the objective test which states:

---

not consistent with West Virginia Code § 62-12-26, and the broad discretion that the Legislature has conferred upon the sentencing court. Accordingly, we decline petitioner's invitation to invade the province of the Legislature.

In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction.

Syl. pt. 5, *Wanstreet v. Bordenkircher,* 166 W.Va. 523, 276 S.E.2d 205 (1981).

*Hargus*, 232 W. Va. at 743-744, 753 S.E.2d at 901-902.

Initially, applying a subjective proportionality test, petitioner pled guilty to the first-degree sexual abuse of one of our most vulnerable members of society, a minor child. Petitioner's counselor also detailed disturbing revelations about other victims, a fact not disputed by petitioner. Based upon these facts, we find that petitioner's sentence is not constitutionally impermissible pursuant to the subjective test because it is not so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity. Additionally, applying the objective test, petitioner acknowledges that sex crimes are serious and that the Legislature has determined that periods of supervised release must be imposed to address the seriousness of the crimes over and above incarceration. Petitioner also recognizes that most jurisdictions provide for some supervised release, the terms of which vary significantly, from a few years up to a lifetime term of supervised release. He further acknowledges that his underlying sentence, including the term of supervised release, is "standard" when comparing similar offenses in West Virginia. Additionally, he concedes that the court is free to subtract, add and/or modify the time, terms and conditions as the court deems necessary to the criminal defendant's supervised release, a practice that petitioner agrees "makes sense and is just in practice and application." Accordingly, based upon these facts, petitioner has not carried his burden of establishing that the sentence violates either the subjective or objective proportionality principles. Therefore, his proportionality challenge fails.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 25, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton

**DISSENTING:**

4

Justice C. Haley Bunn

Bunn, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.